IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Kurzie Lee Curtis, | ) | No. CV-12-0838-PHX-PGR (DKD) |
| Petitioner, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| Charles L. Ryan, et al., | ) | |
| Respondents. | ) | |

TO THE HONORABLE PAUL G. ROSENBLATT, SENIOR U.S. DISTRICT JUDGE:

    Kurzie Lee Curtis filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on April 23, 2012, and an Amended Petition on July 27, 2012, challenging his convictions in Maricopa County Superior Court for one count each of armed robbery, armed burglary and unlawful flight, and two counts of aggravated assault. The trial court imposed a 2.5 year prison term for the flight conviction, to be served concurrently with three terms of life imprisonment. For one of the aggravated assault convictions, the trial court imposed a term of life imprisonment to be served consecutively to the other three concurrent terms. In his Amended Petition, he raises four grounds for habeas relief, challenging his sentences and alleging the ineffective assistance of counsel. Respondents contend that Curtis's Amended Petition is untimely filed, and that he is not entitled to either statutory or equitable tolling. In the alternative, Respondents contend that his claims are unexhausted and procedurally defaulted. The Court agrees that the Amended Petition is untimely, and recommends that it be denied and dismissed with prejudice.

## BACKGROUND

The facts surrounding the convictions are summarized in the Arizona Supreme Court memorandum decision:

> In August of 1986, appellant was released on parole after serving four years of two concurrent eight-year sentences for armed robbery in Maricopa County Superior Court Number CR-125232. On November 12, 1986, appellant was seen following the night manager of the Fair Lanes Bowling Alley into the office shortly after the manager had closed out the cash drawers in preparation for closing at approximately 11:30 p.m. Ed Malumphy, an off-duty Phoenix police officer and secretary of the night bowling league, noticed appellant because he is black and there were no black members of the bowling league.
>
> Upon entering the office, appellant threatened the manager, Michael Ruffing, with a nine-inch butcher knife and demanded money. Appellant grabbed the paper money and started to leave the office. After hearing loud voices and the sound of change hitting the floor, Malumphy, who was outside the office, informed Donald Casey, another off-duty police officer in the league, that a robbery was in progress. Malumphy initially confronted appellant as he was emerging from the office. Appellant forced Malumphy against a wall, holding the knife to his chest, and ran toward one of the entrances, which was locked. Casey and Malumphy attempted to block appellant's path when he failed to get out through the locked entrance but appellant pulled out the knife, forcing them to back off, and was able to get to his car and flee. The officers wrote down appellant's license number and called the Glendale police.
>
> When the police located appellant sitting in his car, appellant sped off. He drove the vehicle into an alley, rammed it against a wall, and fled on foot. A wallet was found in the vehicle containing appellant's driver's license. Appellant was eventually apprehended by another officer at a school building, where the exact amount of money taken from the bowling alley was later found. Ruffing, Malumphy and Casey positively identified appellant as the robber. Additionally, appellant's fingerprint was found on a business card in the bowling alley office and his palm print was found on the abandoned car.

(Doc. 18, Exh A at 2-4).

On April 18, 1989, the supreme court affirmed Curtis's convictions and sentences (*Id.*). On November 17, 1989, Curtis filed a timely *pro se* Petition for Post-Conviction Relief, alleging the ineffective assistance of trial and appellate counsel (*Id.*, Exh E). Attached to the petition was a typed "Affidavit in Support of Post-Conviction" signed by

1  Curtis, in which he cited specific facts, legal principles, statutes, constitutional amendments,
2  and rules supporting his claims of ineffective assistance (*Id.*). On February 9, 1990, counsel
3  filed a Notice of Intention Not to File Amended Petition, informing the trial court that he had
4  written Curtis on two occasions and received no reply. Counsel also informed the trial court
5  that he had reviewed Curtis's petition and the entire court file, and had failed to discover any
6  additional colorable claims for relief (*Id.*, Exh F). On February 20, 1990, the trial court
7  summarily denied and dismissed Curtis's petition, ruling that his ineffective assistance claims
8  were precluded by his failure to raise them on direct review, and that they were otherwise
9  without merit (*Id.*, Exh G). Curtis did not seek review in either the court of appeals or the
10 supreme court.

11 On March 21, 2007, 17 years later, Curtis filed a second *pro se* post-conviction
12 petition, challenging his consecutive sentences, as he had on direct review (*Id.*, Exh H). On
13 April 23, 2007, the trial court construed his argument regarding his sentences as a *Blakely*
14 claim, and denied the petition because his convictions became final before *Blakely* was
15 decided (*Id.*, Exh I). On January 27, 2012, Curtis filed a Petition for Writ of Habeas Corpus
16 in Maricopa County Superior Court, challenging his consecutive sentences (*Id.*, Exh J). On
17 March 13, 2012, the trial court construed the petition as a notice of post-conviction relief and
18 summarily denied the petition, concluding that the sentencing claim either was or could have
19 been raised on direct review, and was therefore precluded (*Id.*, Exh K). Curtis did not seek
20 review in the court of appeals or the supreme court. He filed his original Habeas Petition on
21 April 23, 2012, and his Amended Petition on July 27, 2012.

## DISCUSSION

23 A state prisoner seeking federal habeas relief from a state court conviction is required
24 to file the petition within one year of "the date on which the judgment became final by the
25 conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C.
26 § 2244(d)(1)(A). The period of limitations is statutorily tolled during the time in which a
27 "properly filed application for State post-conviction or other collateral review with respect

- 3 -

1  to the pertinent judgment or claim is pending" in the State courts.  28 U.S.C. § 2244(d)(2).
2  Curtis's conviction became final on February 20, 1990, when the trial court denied and
3  dismissed his post-conviction petition.  Because his conviction became final before April 24,
4  1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, the
5  statute of limitations began to run on April 25, 1996, and expired on April 24, 1997.
6  *Patterson v. Stewart*, 251 F.3d 1243, 1256 (9th Cir. 2001).  He was required to file his federal
7  petition on or before April 24, 1997.  His federal petition, filed 15 years later, is untimely
8  filed, absent any statutory or equitable tolling.

9  Curtis filed nothing in state court from 1989 until 2007.  There was no "properly
10 filed"petition for post-conviction relief pending during this time, and therefore nothing to toll
11 the running of the one-year period of limitations.  Curtis's second Petition for Post-
12 Conviction Petition, filed almost 10 years after the period of limitations had expired, did not
13 serve to restart the statute of limitations.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th
14 Cir. 2003).

15 In addition, Curtis has not demonstrated that he is entitled to equitable tolling.  He has
16 not established that he had been "pursuing his rights diligently," and that "some
17 extraordinary circumstance stood in [his] way."  *Holland v. Florida*, 560 U.S. __, 130 S.Ct.
18 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418-19 (2005)).  Curtis must
19 also show that the extraordinary circumstances were *the* cause of his untimeliness.  *Spitsyn
20 v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).  "[T]he threshold necessary to trigger equitable
21 tolling  [under AEDPA] is very high, lest the exceptions swallow the rule."  *Miranda v.
22 Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).  Curtis has the burden of establishing that
23 equitable tolling is appropriate.  *Miranda*, 292 F.3d at 1065.

24 The Court concludes that Curtis has not met this burden.  He states in his habeas
25 petition as follows:

26 > Petitioner completely relied upon counsel "court appointed" which served him naught.  Petitioner "avows" he has lack of access to the Rules of
27 > Procedure or assistance from persons trained in the law.  Petitioner further

28
- 4 -

> "avows" he has no access to legal resources necessary to discover issues to raise. After the decision in Lewis v. Casey, 518 U.S. 343 . . . (1996), the state removed law books from its state prisons needed to research the "elements" of claim[s] to be presented in post-conviction relief. In 2004 the state enacted a statu[t]e within the state that prohibits (any person) that's not authorized to practice law by the bar may not legally advise or assist any person with preparations with any legal document.

A review of the record reveals that Curtis was well aware of the applicable rules and statutes, as he cited them in each of his post-conviction petitions. He was also well-versed in the elements of his claims, as he argued them in each of his post-conviction petitions and in his federal petition. Curtis has demonstrated his ability to prepare and file pleadings in state and federal court. He has not established that anything stood in the way of him timely filing his federal petition. In any event, ignorance of the law is not an extraordinary circumstance warranting equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

**IT IS THEREFORE RECOMMENDED** that Kurzie Lee Curtis's Amended Petition for Writ of Habeas Corpus be denied and dismissed with prejudice (Doc. 12).

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any

1  factual determinations of the Magistrate Judge will be considered a waiver of a party's right
2  to appellate review of the findings of fact in an order or judgment entered pursuant to the
3  Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.
4       DATED this 15th day of May, 2013.

_____
David K. Duncan
United States Magistrate Judge