**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Kurzie Lee Curtis,

      Petitioner,

v.

Charles L. Ryan, et al.,

      Respondents.

CV 12-00838-PHX-PGR (DKD)

**ORDER**

Before the Court is the Report and Recommendation of Magistrate Judge Duncan (Doc. 34), which addresses Petitioner's Amended Petition for Writ of Habeas Corpus, filed on July 27, 2012, pursuant to 28 U.S.C. § 2254 (Doc. 12). Petitioner filed objections to the Report and Recommendation. (Doc. 35.)

Petitioner challenges his sentence and raises claims of ineffective assistance of counsel.[1] Respondents argue that the petition is untimely and that Petitioner is entitled to neither equitable nor statutory tolling. (Doc. 18.)

Magistrate Judge Duncan recommends that the Court deny the petition as barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1)(A). Specifically, Magistrate Judge Duncan concludes that the Petitioner is not eligible for statutory or equitable tolling. (Doc. 34 at 4–5.)

---

[1] In 1987 Petitioner was convicted of armed robbery, armed burglary, aggravated assault with a deadly weapon, and unlawful flight. (*See* Doc. 18 at 1–2, 6.) He was sentenced to life imprisonment without the possibility of parole for 25 years on the armed robbery, armed burglary, and aggravated assault convictions and to a 2.5-year prison term on the unlawful flight conviction. (*Id.* at 6.)

Magistrate Judge Duncan's conclusions are correct. The Petitioner's conviction became final before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, April 24, 1996, and he was required to file his federal petition on or before April 24, 1997. *Patterson v. Stewart*, 251 F.3d 1243, 1256 (9th Cir. 2001). His federal petition was not filed until 15 years later, making it untimely absent any statutory tolling. From 1989 to 2007, Petitioner did not "properly file" any petition for post-conviction relief, therefore there were no pending petitions to toll the statute of limitations. 28 U.S.C. §2244(d)(2). Further, once the statute has run, a subsequent post-conviction or collateral relief filing does not reset the running of the one year statute. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

Petitioner is ineligible for equitable tolling because he failed to meet the exceptionally high burden required for a showing that he had been "pursuing his rights diligently" and that "some extraordinary circumstances stood in [his] way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418-19 (2005); *see Law v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003). Petitioner points to his limited legal knowledge and resources as excuses for his delay. (*See* Doc. 35 at 4.) However, a prisoner's "proceeding pro se is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim," *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000), and "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling," *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

While it is true that the inadequacies of a prison law library and lack of notice of the AEDPA may constitute extraordinary circumstances, *see Whalem/Hunt v. Early*, 233 F.3d 1146 (9th Cir. 2000), Petitioner points to nothing specific in his legal resources in prison that precluded him from a timely federal filing. He simply complains that his access to legal research materials is limited. (Doc. 35 at 4.) He does not indicate how those factors rendered him incapable of filing his habeas petition sooner.

Having reviewed this matter de novo in light of Petitioner's objections, the Court will adopt the Report and Recommendation, deny the habeas petition, and dismiss the action.

Accordingly,

IT IS HEREBY ORDERED that Magistrate Judge Duncan's Report and Recommendation (Doc. 34) is ACCEPTED and ADOPTED by the Court.

IT IS FURTHER ORDERED that Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. 12) is DISMISSED and DENIED with prejudice.

IT IS FURTHER ORDERED DENYING a Certificate of Appealability.

IT IS FURTHER ORDERED that the Clerk of the Court shall close this case.

DATED this 8th day of July, 2013.

Paul G. Rosenblatt
United States District Judge